## Freeman *vs.* Brenham, &c.

APPEAL FROM FRANKLIN CIRCUIT.

Case 19.

ORD. PET.

17m 603
f 102 103
102  104

1. The 364th section of the Civil Code should not be so construed as to allow bills of exceptions to be made up and filed in vacation. The provision which allows time to be given for that purpose, "not beyond the succeeding term," is to be construed merely as authorizing time to be given to file the bill of exceptions at the succeeding term, but not to prepare and file it in vacation.

FREEMAN
vs.
BRENHAM, &c.

2. Where time is given until a particular day to file a bill of exceptions, and it is not noticed on that day, it cannot be done afterwards—*argu.*

[The facts on which the case is made to turn are stated on the opinion of the court.—REP.]

*Tho. N. Lindsey* for appellees—

Argued—1. That the bill of exceptions copied into this record cannot be treated as part of the record by this court. The court said, in the case of *Biggs vs. McIlvain's Ex.*, 3 *Mar.*, 360, that bills of exceptions allowed and signed by the circuit judge in vacation, though copied into the record, are no part thereof, and will not be regarded by the court of appeals. Again in *Nancy vs. Snell*, 6 *Dana*, 149, it is said exceptions may be good when taken at proper time, sealed by the judge, and placed on file *during the term*, though not spread upon the record. In the case of *Kelsoe vs. Ellis*, 10 *B. Monroe*, 37, the court, though disapproving the practice, said that as the parties had agreed that the bill of exceptions might be prepared and filed in the clerk's office, they should be held to their agreement.

There is no such agreement in this case. Does the *Code of Practice, sections* 363–4, *and page* 98, change the rule of practice thus established by this court? It is supposed that it does not. These sections provide that "the party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exceptions to writing, but not beyond the succeeding term." This provision cannot be construed to give the judge power to sign a bill of exceptions any where in his judicial district, and make it a part of the record, provided he does it before the close of the next term after the exception is taken. It means no more than that the court may give time until the next term to prepare the bill of exceptions, at which time it must be signed and filed, if at all.

2. It might be insisted that according to the *Code*, *section* 364, that as the defendants did not except on the record to the decision of the court overruling the motion for a new trial, that the court on the next day had no power to give time to file a bill of exceptions. It might also be contended that the court had no power to give time beyond the special term fixed for the 23d January succeeding, for at that term preparatory steps and interlocutory orders might have been made in any civil cause. (*Rev. Stat.*, *p.* 229.) The order having been made for the special term, to be held in January at the preceeding November term, and the 23d January, thereby fixed for completing the bill of exceptions, if they had been then signed might have been valid. But if the special term is not to be regarded as the succeeding term, within the meaning of the statute, then, as before I contend, that the power of the court ended on the 23d January, as the day fixed by the order of November, and the order made on the 28th November as of no force, nor any succeeding order made by the judge. If the Code means that any day may be fixed in vacation when the bill of exceptions is to be filed, when that day is passed the court or judge can make no further order in the case.

The only safe construction to be given to the Code is that the day to be given must be some future day, in that or the succeeding term, but not beyond.

If the court shall regard the bill of exceptions as part of the records, then the case should be affirmed as a delay case; if not, the case should be affirmed, as there is no cause appearing for reversal.

*J. & J. M. Harlan* for appellant—

We deem it unnecessary, upon this motion, to notice particularly the question made by appellees upon the bill of exceptions; that question will more properly arise upon the trial upon the merits. We however suggest that under the provisions of the Code, the court can give time to prepare the bill of

exceptions, not, however, extending the time beyond the term succeeding the rendering of the judgment. In this case judgment was rendered at the November term, 1855; the term subsequent was May, 1856; the bill of exceptions was signed before the subsequent term. If the judge has this power, what prevents him from fixing the time for signing and filing the bill of exceptions in vacation? And what law prevents his signing it any where in the circuit? If he cannot do this, bills of exceptions must necessarily be made up at the term when judgment is rendered, or during the subsequent term.

But it is said the court had no power to sign and file the bill of exceptions after the 23d January, the day fixed for the special term. We understand that the court has power over the record during the whole of the term—can alter, amend, set aside, or in any way change an order or judgment of the term. The time first given for preparing the bill of exceptions was extended during the special term to which it was first extended. There is nothing wrong, unfair, or unusual in this.

December 31.     Chief Justice CRENSHAW delivered the opinion of the court:

The jury having found a verdict against the defendant, judgment thereon was rendered against him at the same time, to-wit: on the 7th day of December, 1855, at a circuit court then being held for the county of Franklin. On the next day the defendant filed his grounds, and moved the court for a new trial. This motion was overruled on the 10th day of the same month, and during the same term. To the opinion of the court overruling the motion, an exception was taken, and time was given by the court to the defendants, until the 23d day of January thereafter, to file their bill of exceptions, and at the same time the defendant prayed an appeal to this court. It is stated by the counsel of the plaintiffs that the 23d day of January, 1856, (the time to which the right of the defendants to file their bill of

exceptions had been extended,) was fixed by the court for the commencement of a special term for the trial of criminal and chancery causes. But on this day no motion was made to file the bill of exceptions nor any notice taken of it in any way. On the 28th day of January, the Franklin circuit court being then in session for the trial of motions, &c., in behalf of the commonwealth, further time, until the 1st day of the ensuing March, was given to the defendants to tender their bill of exceptions.

The first day of March was not the time for holding a regular term of the Franklin circuit court, and no special term thereof appears to have been appointed on that day, and no notice of the bill of exceptions is taken on that day. On the 14th day of that month, however, the judge of the Franklin circuit court filed in the office thereof the following order:

"The bill of exceptions in this case is not complete, and it must be made so before signed, and time is extended to the 10th of April to complete it. March 1st, 1856."

On the 11th day of April, the bill of exceptions, incorporated in the record, was filed in the clerk's office.

The first question is, will this court revise a case presented with a bill of exceptions made out as was the one in this record? If this question be answered in the negative, the merits of the case cannot be inquired into. And that it must be answered in the negative, can hardly admit of a doubt.

In section 364 of the Civil Code, it is provided that, "The party objecting to the decision, must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the succeeding term." From this it seems to have been inferred by the circuit court, that the exceptions may be reduced to writing, even in vacation, provided the time given for so doing does not extend beyond the succeeding term. But we are of

1. The 364th section of the Civil Code should not be so construed as to allow bills of exceptions to be made up and filed in vacation. The provision which allows time to be given for that purpose, "not beyond the

FREEMAN
*vs.*
BRENHAM, &c.

succeeding term," is to be construed merely as authorizing time to be given to file the bill of exceptions at the succeeding term, but not to prepare and file it in vacation.

opinion that the foregoing section of the Code was not intended to allow, nor should be construed as allowing, a bill of exceptions to be made up and signed in vacation. We think the Code in using the language, "not beyond the succeeding term," merely authorized time to be given for the filing of a bill of exceptions *at the succeeding term*, but not to prepare and file it at any time *in vacation*, provided that time did not reach beyond the succeeding term. If the practice were allowed of preparing and filing bills of exception in vacation, they might be prepared and signed at any place within, and perhaps out of the circuit. Such a practice would be attended with great inconvenience to litigants, and might result in much mischief and injustice, especially to the successful party in the court below. When bills of exceptions are allowed to be filed in term time only, the parties will have an opportunity of having their attorneys present, who attended to the trial of the cause, and perhaps their witnesses also, who testified at the trial, as they generally reside within the vicinity of the court house. And a practice which would require a litigant, careful of his interests, to have the same attorney, and perhaps his witnesses, to attend at any place, and in vacation, would be unreasonable, inconvenient, expensive, and mischievous. The Code has relaxed and changed most of the former rules of practice, but has not gone so far as to allow bills of exceptions to be made up and filed in vacation. The Code has not altered the law requiring bills of exceptions to be filed in term time; and, in the case of *Biggs vs. McIlvain's Executrix*, 3 *Marshall*, 360, it is decided that a bill of exceptions, allowed and signed by the judge in vacation, though copied into the record, is no part thereof, and cannot be noticed.

We have given a history of the course pursued in having the bill of exceptions prepared and signed in this case, and without noticing the different steps

in detail, it is sufficient to say that the course pursued was irregular and improper.

It is proper to remark, in this connection, that it has been decided by this court, that where time has been given to file a bill of exceptions, and a day fixed for that purpose, and no notice has been taken of it on that day, it will not be noticed at a subsequent day, and the opportunity for filing it is entirely lost. The opposite party may be expected to be in court on that day, and upon no other, unless the subject is called up on that day and postponed to another. The first day fixed for the filing of the bill of exceptions in this case was the 23d day of January, 1856, and no notice of it whatever was taken on that day; it was not called up until the 28th day of January— five days afterwards. In no point of view can the bill of exceptions be considered as properly forming a part of the record.

Wherefore, the judgment is affirmed.

2. Where time is given until a particular day to file a bill of exceptions, and it is not noticed on that day, it cannot be done afterwards— argu.

